NORMAN H. LEVINE (SBN 061884)
NLevine@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

SCHLACTER & ASSOCIATES
JED R. SCHLACTER – 4874
Jed10123@aol.com
450 Seventh Avenue, Suite 1308
New York, NY 10123
Telephone: 212 695-2000
Fax: 212 629-5825

Attorneys for Defendants
SEARS HOLDING CORP. and SEARS
ROEBUCK & CO.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDING CORP. d/b/a KMART CORP., an Illinois Corporation; SEARS ROEBUCK & CO., an Illinois Corporation; L.G.B. INC., a California Corp.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV-12-06978-JGB (JCGx)<br><br>[Assigned to Honorable Jesus G. Bernal)<br><br>[~~PROPOSED~~] ORDER RE STIPULATION FOR ENTRY OF PROTECTIVE ORDER<br><br>Action Filing Date  August 13, 2012 |

**WHEREAS**, certain documents and information have been and may be

sought, produced or exhibited by and between the parties to the above-captioned

action ("Action") that relate to the parties' financial information, competitive

information, personnel information or other kinds of commercially sensitive

information that the party making the production deems confidential; and

29466-00002/1911690.1                      1              [PROPOSED] ORDER RE STIPULATION
                                                        FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **WHEREAS,** it has been agreed by and among the parties in the Action,

2    through their respective counsel, that a protective order preserving the

3    confidentiality of certain documents and information should be entered by the

4    United States District Court for the Central District of California; and

5    **WHEREAS,** the Court has reviewed the terms and conditions of this

6    protective order submitted by the parties;

7    **IT IS HEREBY ORDERED THAT:**

8    1.    This Protective Order shall govern all documents, the information

9    contained therein and all other information produced or disclosed during the

10   Action, whether revealed in a document, deposition, other testimony, discovery

11   response or otherwise, by any party in this Action ("Supplying Party") to any other

12   party ("Receiving Party"), when the same is designated in accordance with the

13   procedures set forth herein.  This Protective Order is binding upon the parties to the

14   Action, including their respective corporate parents, subsidiaries and affiliates, and

15   their respective attorneys, agents, representatives, officers, employees and others as

16   set forth in this Protective Order.

17   2.    Subpoenaed third parties who so elect may avail themselves of the

18   protections of this Protective Order and thereby become Supplying Parties for

19   purposes of this Protective Order if they agree to be bound by its terms and

20   conditions.

21   3.    Any Supplying Party shall, through counsel, have the right to identify

22   and designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any

23   document or other materials it produces or provides (whether pursuant to Federal

24   Rules of Civil Procedure 26 and 34, pursuant to subpoena or by agreement between

25   the Supplying Party and the Receiving Party), or any testimony given in this

26   Action, which testimony or discovery material is believed by that Supplying Party

27   to constitute, reflect or disclose its confidential and proprietary information (all of

28   which is hereafter referred to as "Designated Material").

29466-00002/1911690.1                            2                    [PROPOSED] ORDER RE STIPULATION
                                                                      FOR ENTRY OF PROTECTIVE ORDER

4.     "Confidential Information" as used in this Protective Order means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Supplying Party, whether it is a document, thing, information contained in a document or thing, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.  In designating material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(7).  Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  unless Confidential Information is contained in the particular edition of such being designated.

5.     Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**CONFIDENTIAL**.

6.     Any material produced or provided in the Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

7.     A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" information disclosed at a deposition taken in connection with this Action by:

a.     designating testimony, given by it or its present or former employees, officers, directors, partners, representatives or any experts, as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

b.      notifying all other parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition, given by it or its present or former employees, officers, directors, partners, representatives or any experts, of specific pages and lines of the transcript that are designated as "CONFIDENTIAL"; or

c.      identifying testimony as "CONFIDENTIAL" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employees, officers, directors, partners, representatives or any experts, and contains Designated Material designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

8.      Confidential Information shall be disclosed by the Receiving Party only to the following persons:

a.      outside counsel employed by the Receiving Party to assist in the Action; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; any in-house attorney responsible for the handling of this Action, including such attorney's paralegals, assistants and stenographic and clerical employees (provided, however, that each in-house attorney and their staff receiving Confidential Information execute the Certification as required by Paragraph 17, and otherwise agree to maintain the information on a confidential basis and comply with the terms and conditions of this Stipulated Protective Order); the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action;

b.      such officers and employees of the Receiving Party, as outside counsel for that party deems necessary for the sole purpose of assisting in this Action;

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

c.      any *bona fide* outside consultant or expert who is assisting

counsel or a party to the Action to whom it is necessary to disclose Confidential

Information for the purpose of assisting in, or consulting with respect to, the

preparation of this Action;

d.      the authors and original recipients of the documents;

e.      the Court and any members of its staff to whom it is necessary

to disclose Confidential Information for the purpose of assisting the Court in this

Action, and members of any jury impaneled to hear this matter;

f.      stenographic employees and court reporters recording or

transcribing testimony relating to the Action; and

g.      outside vendors, such as copy centers or translation services,

specifically engaged to assist counsel with the prosecution or defense of this

Action.

9.      Persons having knowledge of Confidential Information by virtue of

their participation in the conduct of the Action shall use that Confidential

Information only in connection with the prosecution, defense or appeal of the

Action and shall neither use such Confidential Information for any other purpose

nor disclose such Confidential Information to any person who is not listed in

paragraph 8 of this Protective Order.

10.      Nothing shall prevent disclosure beyond the terms of this Protective

Order if the Supplying Party designating the material as "CONFIDENTIAL" (or its

counsel) consents in writing to such disclosure, or if the Court, after reasonable

written notice to all affected parties, orders such disclosure.

11.      Any party that is served with a subpoena or other notice compelling

the production of any Confidential Information produced by another party is

obligated to give immediate written notice to that original Supplying Party of such

subpoena or other notice. Upon receiving such notice, the original Supplying Party

shall bear the burden of opposing the subpoena on grounds of confidentiality.

12.     Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13.     The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 may compromise and/or jeopardize the Supplying Party's business interests or an individual's legally cognizable, legitimate privacy interests ("ATTORNEYS' EYES ONLY" Information) such that the Supplying Party may deem such "ATTORNEYS' EYES ONLY" Information to require greater limitations on disclosure than are set forth in paragraph 8 above.  The Supplying Party may designate such "ATTORNEYS' EYES ONLY" Information (hereinafter referred to as "Restricted Information" or "ATTORNEYS' EYES ONLY Information") by marking the first page of the document and each subsequent page thereof containing Restricted Information and any answer as follows:  **ATTORNEYS' EYES ONLY.**

14.     All the provisions set forth above in paragraphs 4, 6, 7, 10 and 11 applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be limited to the following persons:

a.     outside counsel employed by the Receiving Party to assist in the Action; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; any in-house attorney responsible for the handling of this Action, including such attorney's paralegals, assistants and stenographic and clerical employees (provided, however, that each in-house attorney and their staff receiving Confidential Information execute the Certification as required by Paragraph 17, and otherwise agree to maintain the information on a confidential basis and comply with the terms and conditions of this Stipulated Protective Order); the personnel supplied by any independent contractor (including

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

litigation support service personnel) with whom such attorneys work in connection with the Action;

b. any *bona fide* outside consultant or expert who is assisting counsel or a party to the Action to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

c. the authors and original recipients of the documents;

d. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action, and members of any jury impaneled to hear this matter;

e. stenographic employees and court reporters recording or transcribing testimony relating to the Action; and

f. outside vendors, such as copy centers or translation services, specifically engaged to assist counsel with the prosecution or defense of this Action.

15. Persons having knowledge of ATTORNEYS' EYES ONLY Information by virtue of their participation in the conduct of the Action shall use that ATTORNEYS' EYES ONLY Information only in connection with the prosecution, defense or appeal of the Action and shall neither use such ATTORNEYS' EYES ONLY Information for any other purpose nor disclose such ATTORNEYS' EYES ONLY Information to any person who is not listed in paragraph 14 of this Protective Order.

16. Counsel shall take all reasonable and necessary steps to ensure the security of any ATTORNEYS' EYES ONLY Information and will limit access to ATTORNEYS' EYES ONLY Information to those persons listed in paragraph 14 of this Protective Order.  ATTORNEYS' EYES ONLY Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession or in the possession of the Receiving Party's outside

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

1  consultants, experts or other persons entitled to receive copies of the documents

2  pursuant to paragraph 14.

3        17.    Prior to the disclosure of any Designated Material to any person

4  identified in paragraphs 8 or 14 above (other than the Court and its staff, any

5  counsel of record, or stenographic employees and court reporters recording or

6  transcribing testimony), such person shall be provided with a copy of this

7  Protective Order, which he or she shall read before signing a Certification, in the

8  form annexed hereto as Exhibit A, acknowledging that he or she has read this

9  Protective Order and shall abide by its terms.  Outside counsel for the party

10  obtaining such signed Certifications shall maintain a file of them and shall make the

11  file available, upon request, for inspection by the Court in camera.  Persons who

12  come into contact with Designated Material for clerical or administrative purposes,

13  and who do not retain copies or extracts thereof, are not required to execute

14  Certifications.

15        18.    Any Supplying Party may redesignate under paragraphs 5, 7 or 13

16  above (or withdraw a designation regarding) any material ("Redesignated

17  Material") that it has produced; provided, however, that such redesignation shall be

18  effective only as of the date of such redesignation.  Such redesignation (or

19  withdrawal) shall be accomplished by notifying counsel for each party in writing of

20  such redesignation (or withdrawal).  Upon receipt of any such written

21  redesignation, counsel of record shall (a) not make any further disclosure or

22  communication of such Redesignated Material except as provided for in this

23  Protective Order, (b) take reasonable steps to notify any persons known to have

24  possession of any Redesignated Material of the effect of such redesignation under

25  this Protective Order, and (c) promptly endeavor to procure all copies of such

26  Redesignated Material from any persons known to have possession of any such

27  Redesignated Material who are not entitled to receipt under paragraphs 8 or

28  14 above.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

29466-00002/1911690.1                    8

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

19.     Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 8 or 14 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Supplying Party's counsel.  Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reasons and purposes therefor.  The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, facsimile transmission, or e-mail) within ten (10) calendar days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent.  Failure so to respond within such ten-day period shall constitute consent to the request.  If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" unless and until differing treatment is directed pursuant to order of the Court.

20.     Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, facsimile transmission, or e-mail) to such objection in writing by either:  (a) agreeing to remove the designation, or (b) stating the reasons why it made the designation.  If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the materials in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation.  The materials in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.  No party shall be obligated to challenge the propriety of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   the designation by the Supplying Party, and the failure to do so shall not constitute

2   an admission that an item or information is in fact "CONFIDENTIAL" or

3   "ATTORNEYS' EYES ONLY" or preclude a subsequent challenge to the propriety

4   of such designation.

5        21.    Nothing in this Protective Order shall restrict any party's counsel from

6   rendering advice to its clients with respect to this Action and, in the course thereof,

7   relying upon Designated Material, provided that in rendering such advice, counsel

8   shall not disclose any other party's Designated Material, except as provided in this

9   Protective Order.

10        22.    Inadvertent production of any document, information or testimony

11   without a designation of confidentiality will not be deemed to waive a later claim as

12   to its confidential nature or stop the Supplying Party from redesignating said

13   document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES

14   ONLY" at a later date.  Disclosure of said document, information or testimony by

15   any party prior to such later redesignation shall not be deemed a violation of the

16   provisions of this Protective Order, provided, however, that the party that disclosed

17   the Redesignated Material shall promptly endeavor to procure all copies of such

18   Redesignated Material from any persons known to have possession of any such

19   Redesignated Material who are not entitled to receipt under paragraphs 8 or 14

20   above.

21        23.    The inadvertent production of any privileged materials or other

22   materials exempt from production by any party making production of materials in

23   this Action shall not be deemed a waiver or impairment of any claim of privilege or

24   exemption (including under the attorney-client privilege or work product doctrine)

25   concerning any such materials or the subject matter thereof.  Each such party

26   reserves the right to redesignate as privileged or exempt any materials that it

27   produces or has already produced.  Such redesignation shall be effective only as of

28   the date of such redesignation (and subject to all the other provisions hereof);

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

provided, however, that the Receiving Party shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8 or 14 above.  Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendency of any motion challenging the redesignation so long as the motion is made within five days of receipt of notice of redesignation.

24.     Except as agreed in writing by counsel of record, to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document."  Disclosure of any portion of the transcript of a deposition which reflects or contains Designated Material shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Designated Material shall be filed as a Sealed Document.  All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise.  Such Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents, and shall bear the following statement which should also appear on the sealed envelope:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

CONTENTS ARE CONFIDENTIAL AND ARE SUBJECT TO A

COURT-ORDERED PROTECTIVE ORDER GOVERNING THE

USE AND DISSEMINATION OF SUCH CONTENTS.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court.  Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

25.     If Designated Material is used during depositions, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

26.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

27.     Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; provided, however, that counsel may retain their attorney work product and all court-filed documents, even though they contain Designated Material.  Such retained work-product and court-filed documents shall remain subject to the terms of this Protective Order.  Alternatively, either the Supplying Party or the Receiving Party may elect to have the Designated Material destroyed.  At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, relating to or containing Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to ensure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

28.  If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the other party of all pertinent facts relating to such disclosure and make every effort to prevent disclosure by each unauthorized person who received such Designated Material.

29.  Except as otherwise set forth in this Protective Order, the foregoing provisions concerning confidentiality of Designated Material shall apply only to pre-trial proceedings and to matters provided in pre-trial discovery, and shall not affect the conduct of trial or of any hearing in open court.  The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

30.  Data produced in electronic form may be designated as Confidential Information or ATTORNEYS' EYES ONLY Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5 or 13.  In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.  If the Receiving Party prints out electronic data which is Designated Material but which does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

31.  The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

32.  The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

[PROPOSED] ORDER RE STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

1    The parties, by their counsel, hereby consent to entry of the foregoing Order:

2

3        IT IS SO ORDERED.

4

5    Dated:  March 14, 2013

6    _____

7        HON. JAY C. GANDHI
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN**
**& MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590